IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANDREW J. MAYER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 6127 |
| | ) |
| **TODD J. EDWARDS, in his individual capacity as a police officer of the City of Aurora, CHAD KUBIS, in his individual capacity as a police officer of the City of Aurora, and THE CITY OF AURORA, a municipal corporation** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrew J. Mayer has filed an amended complaint alleging various excessive force claims under 42 U.S.C. § 1983 and state law claims against the individual defendants, Todd J. Edwards and Chad Kubis, and the City of Aurora ("the City"). Count V is a § 1983 claim against the City. The City has moved for summary judgment against plaintiff on count V. For the following reasons, the defendant's motion is granted.

I.

On October 23, 2004, individual defendants Edwards and Kubis encountered Mayer on the Rand Road exit ramp off Route 53 north in Schaumburg, Illinois. The individual defendants were employed as police officers with the Aurora Police Department ("APD"), but were

off-duty at the time of this incident.  Mayer alleges Edwards and Kubis subjected him to unreasonable and unnecessary use of force in violation of his constitutional rights.  Mayer filed an excessive force complaint with the APD on November 2, 2004.  Edwards and Kubis were investigated by Joseph Groom to determine whether they violated certain APD policies and regulations.  At the time of the investigation, Groom was an APD Lieutenant; since November 2005 his rank is of APD Commander.  As a lieutenant at APD, Groom's responsibilities included performing investigations of complaints made against APD officers by the Office of Professional Standards ("OPS").  OPS investigation files generally include an affidavit by the complainant, reports, and other documents pertaining to the disposition of the complaint.  Groom's completed investigations were reviewed by the bureau commander responsible for the employee alleged to have used excessive force.  The APD Chief of Police ("APD Chief") makes the final decisions as to the disposition of all excessive force complaints, and he concurred with Groom on the disposition of Mayer's complaint.

Based on his investigation, Groom found the allegations that Edwards and Kubis violated General Order 4.3.1 were "not sustained," which meant there was insufficient evidence to prove or disprove the allegations in the complaint.[1]  The APD Chief

---

[1] Disposition of a complaint investigation can also be labeled as "unfounded," "exonerated," and "sustained." "Unfounded" refers to allegations which are found to be false. "Exonerated" refers to

2

concurred with Groom's disposition of the Mayer complaint.

## II.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007); FED. R. CIV. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.

A municipality is liable under § 1983 when its policy or custom results in a constitutional injury to the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). A plaintiff may demonstrate the existence of a policy or custom in three ways: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'widespread practice' that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379

---

instances in which the alleged incident occurred, but the officer's conduct was lawful and proper. "Sustained" refers to allegations that are supported by sufficient evidence and justify a reasonable conclusion of guilt.

(7th Cir. 2005) (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)). In order to establish liability under the second option, a plaintiff must show deliberate indifference by the municipality. *City of Canon, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). "Proof of deliberate indifference requires more than 'a showing of simple or even heightened negligence," *Jenkins*, 487 F.3d at 492 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407 (1997))(alterations omitted); only where a failure to train or discipline "reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under section 1983." *City of Canton,* 489 U.S. at 389.[2] Finally, there must be "a direct causal link" between the custom or policy and the deprivation. *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404; *Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 929 (7th Cir. 2004).

Mayer seeks to hold the City liable for its failure to properly investigate and discipline its officers based on a widespread practice constituting a custom (option 2). He argues the APD mishandled his own excessive force complaint as part of this practice, which is consistent with the limited number of excessive force complaint investigations where the APD finds

---

[2]This deliberate indifference standard is distinct from the identically titled standard under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 840 (1994) (distinguishing *City of Canton*).

4

against its officer, and that the individual defendant officers had been previously investigated by APD. Specifically, from 2001 to 2005 OPS investigated 83 excessive force complaints and six of those investigations resulted in findings against an officer. Of those six cases, three of the complaints were by civilians against officers, the remaining three complaints were filed by other officers. Plaintiff provides these numbers in a vacuum, however, as he does not point to the total number of police officers within the APD anywhere in the record. Plaintiff also points to Edwards' three prior excessive force complaints, which were filed against him over a prior three year period ending in 2002 and the fact that Edwards was also been mentioned in eight OPS investigations during the 2001 calendar year. The latter investigations did not concern his use of excessive force, however. As to Kubis, there are no prior excessive force complaints that have been filed against him, but he has been investigated in regards to seven police pursuits. None of these complaints have been sustained against these officers and they have never been disciplined.

The City moves for summary judgment on the ground that plaintiff cannot show it acted with deliberate indifference. It is undisputed that APD officers are subject to ongoing annual training sessions concerning with the use of force. The City has also provided evidence that OPS investigations are conducted largely pursuant to APD internal rules and regulations, which

5

define excessive force as "force which goes beyond what is reasonable or necessary to either make the arrest, effect your lawful objective, or to protect your life or the welfare of someone else." Groom also testified that in conducting OPS investigations he would attempt to interview all available witnesses and get as much information as possible in order to determine which conflicting story was more credible. At the time that Mayer filed his complaint, the APD also maintained an Early Intervention System ("EIS") under which OPS investigators would review all the complaints received in one month and cross-check whether the accused officers had any other complaints or administrative inquiries filed against them in the previous year. These reports served to identify officers which may have been at risk of errant behavior. Any officer who was listed on a monthly report as being part of the EIS would be subject to closer supervision.

Plaintiff's evidence fails to establish the existence of a question of material fact with respect to whether the City acted with deliberate indifference. First, the investigation into Mayer's complaint is not facially deficient.[3] The only pertinent

---

[3]Even assuming that the investigation should have formally included pursuit charges, as argued by plaintiff, the file does contain information on the actions taken by the officers which arguably should have been separately charged. Specifically, the officers were each questioned on what took place just prior to coming into contact with Mayer and Kubis' telephone call to police dispatch while he was in the car prior to coming into contact with Mayer.

6

information which plaintiff argues is missing, such as certain medical records, could not be obtained without plaintiff's privacy waiver, which he refused to afford the APD investigator. Second, even assuming that the investigation of plaintiff's own excessive force complaint was mishandled, there is no specific evidence of any other mishandled investigations. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) (citations omitted) (municipal liability "usually requires more than a single incident of unconstitutional conduct"). Although plaintiff claims there are about 25 investigation files that are "incomplete," these files actually do contain various forms of the information plaintiff argues is missing, such as medical records, photographs, and witness statements. Moreover, it is unclear to what extent APD investigators were unable to obtain additional information in these investigations based on the complainant's or witnesses' conduct. Without more, plaintiff's mere argument that these investigations were deficient does not defeat summary judgment.

Plaintiff also makes much about the fact that six of the 83 complaints investigated resulted in charges. Without more context, it is unreasonable to infer that all of the complaints were meritorious and therefore somehow establish that the City was acting with deliberate indifference. With respect to Edwards' prior excessive force complaints, plaintiff provides no evidence that these investigations were mishandled or improperly resolved.

7

Plaintiff provides only the complaints themselves among his exhibits, not the APD reports or findings. In the absence of the complete investigative files of the three complaints, it is not reasonable to infer that these investigations were deficient and necessarily resulted in plaintiff's injury. *See Bd. of County Comm'rs of Bryan County*, 520 U.S. at 409-10. Moreover, the City has provided the completed files and these are not facially deficient. Accordingly, summary judgment is appropriate.

IV.

For the foregoing reasons, defendant's motion for summary judgment is granted.[4]

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: March 5, 2008

---

[4] Defendant's motions to strike are denied as moot.